## C. SCHNEIDER *v.* WILLIAM VERCKER.

Where the principal, though present, is physically incapable, from sickness, of making an affidavit for a provisional seizure, the affidavit may be made by an agent.

It is not necessary that the agency be sworn to, it is sufficient to allege and prove it.

APPEAL from the Sixth District Court of New Orleans, *Reynolds,* J., presiding. *Michel,* for plaintiff and appellant. *Budd & Lambert,* for defendant.

LEA, J. This case is presented upon an appeal from a judgment setting aside a writ of provisional seizure sued out by a lessor against his tenant.

The motion to set aside the writ was based upon the following grounds:

1st. That the affidavit was informal.

2d. That it was not made by the plaintiff, but by one styling himself an agent, which agency is not sworn to by the deponent.

3d. That there was no allegation of the absence of the plaintiff, who, in point of fact, was not absent.

4th. That the affidavit is untrue, and that the debt was not due as alleged.

The writ was set aside by the District Judge, on the ground that the affidavit was made by the alleged agent, while the principal was within the jurisdiction of the court. It is shown conclusively, that at the time the affidavit was made and the writ sued out, the plaintiff was physically incapable, by reason of sickness, from making the affidavit himself. We think it was not contemplated by the law, that in case of sickness a creditor should be deprived of the benefit of conservatory writs, essential to the preservation of his rights. (See 14 La. Repts., page 92.) The authority of the agent is sufficiently proved to have been given verbally at the time the suit was instituted. The subsequent ratification in writing, did not vitiate what had been done. It was not necessary that the agency of the deponent should be sworn to; it is sufficient that it be alleged and established by other proof.

It is ordered, that the judgment appealed from be reversed; that the writ of provisional seizure be maintained, and that the rule taken to set the same aside be dismissed; and that the defendant and appellee pay the costs in both courts.